[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Petitioner Helen Bochenski has made a motion to reopen judgment of dissolution of marriage entered October 31, 1997, on the grounds that due to a language barrier she, the petitioner, did not understand the technical terminology outlined in the terms of the judgment that entered.
Helen Bochenski is a Polish immigrant who testified that at the time of the entry of the judgment of dissolution she did not understand the import of the terms of the dissolution agreement because she did not have the benefit of a Polish/English interpreter at the final hearing.
The petitioner admitted she understood simple English CT Page 13129 expression and had completed several courses at EastConn Adult Learning Center but that these courses did not involve complex or legal terminology.
Jane Zawacki and Connie Toni testified that they knew the petitioner, that although Helen Bochenski spoke elementary English she would not understand sophisticated or specialized English. They did admit, however, that if the terms of the agreement were presented in simple terminology they felt she could understand that. Mr. Nash, the family relations officer, testified that he spoke to both parties twice and that in both instances the parties communicated with him in English, understood the conversations and comprehended the English language as far as he was able to ascertain.
Mr. Alex Pasay testified that he had been a production supervisor at Bolmet. He had interviewed Helen Bochenski for employment. The interview was in English. She had to learn her specific job and instructions were in English. She had to read and make entries on work orders. She appeared to be able to cope well although most of the instruction and entry was done with simple English.
Susan Grant Nash, a Domestic Relations counselor, testified that she was involved with the Bochenski divorce initially for review of mutually pending motions for exclusive use of the premises. During the discussion, she inquired about Mrs. Bochenski's need for an interpreter and when satisfied that Mrs. Bochenski could understand the proceedings, she discussed with her the pending matters. She met with Helen Bochenski between August and December of 1996 and with her husband approximately six times. Based on her conversations, it is her opinion that Helen Bochenski understood the discussion and did not require an interpreter. In any event, the defendant never raised the issue with her as a family relations officer.
The petitioner Helen Bochenski testified she came to the United States in 1979; met her husband in 1980; married in 1982; worked and lived in the New Britain area where the community spoke Polish and English. She could speak very little English when the family moved to Dayville.
At the time of the move or a year later she went to EastConn to study English. Then in 1988 Helen Bochenski obtained employment at the Bolmet Company where she worked seven and one-half CT Page 13130 years. She further testified that in 1991 she decided to file for divorce, during the course of the proceedings, she understood some things and not others. In October 1997, during a settlement conference with special masters, her attorney presented her with a proposed agreement. She said that her lawyer read and explained the terms but she did not understand the terms and conditions of the property transfer. She understood everything would be split equally by the parties.
She testified that had she understood the agreement as written she would not have signed it. On cross-examination, the petitioner admitted she understood the housing arrangement for the children. She understood she would get $8500 immediately. She further testified she did not understand she could not get alimony.
Attorney Deschamps testified that she represented Mrs. Bochenski throughout the dissolution process; that she did not require an interpreter to assist her with interviews; that the meetings took place over a one-year period; that she was able to communicate adequately using simple language; and, that Mrs. Bochenski appeared at all times to understand her discussions with her. When the settlement conferences were held with the special masters, the parties the parties and counsel sat in a four-way conference with the special master. Mrs. Bochenski participated actively in the discussions and specifically asked for concessions; there was no request for an interpreter to be present nor did there appear from what took place that one was required.
At the conclusion of the meetings with the special masters an agreement was reached. Mrs. Bochenski expressed a desire to immediately proceed with the dissolution. A written agreement needed to be proposed and she reluctantly agreed to wait until October 31, 1997, for the dissolution to proceed.
Mr. Bochenski testified that he was the former husband of Helen Bochenski; that Mrs. Bochenski speaks English better than he does; that she did all the paperwork and bill paying. She went back to school to improve her English and she appeared to understand the conversation they had with the special master.
Linda Larkin DCF worker testified she met with Mrs. Bochenski twice. She did not need an interpreter to communicate with her. Her file did not indicate an interpreter was ever requested or CT Page 13131 needed. She would request an interpreter if one was necessary or there was a request made for one. In her opinion, Mrs. Bochenski understood the interviews and carried on a cogent conversation with her relative to the DCF referrals.
The petitioner brings this motion pursuant to C.G.S. § 52-212a. The court finds the motion was filed within the statutory time period and overrules the plaintiff, respondent's motion to dismiss.
The court makes the following finding:
The petitioner is claiming she did not understand the separation agreement upon which the dissolution in this case was based. She is of Polish decent arriving in the United States in 1979. Since that time she improved her language skills through employment at the Bolmet Company. One year prior thereto, she had attended EastConn to study English. Exhibits in the case establish Mrs. Bochenski successfully completed several English related courses including English as a second language and an office skills program during 1996 and 1997. Plaintiff's Exhibits B, C and D.
The instructors who were called as witnesses testified that Mrs. Bochenski was able to understand basic English and if matters were explained in simple English she would have no problem. They also testified that she would not understand complex or litigatious nomenclature. Defendant's Exhibits 1 and 2.
At no time during the pendency of the action or during the two DCF referrals did the petitioner insist on the assistance of an interpreter. The proceeding with pendente lite motions and meetings with Family Relations and subsequent Special Master conferences were handled without the use of an interpreter. The petitioner admitted she understood English on a seventh grade level.
The court finds that there was nothing difficult or unusual about the language used in the stipulated agreement that was the basis of the terms of the dissolution.
The petitioner has failed to sustain her burden of proof relative to the motion to reopen. Accordingly, the motion to reopen is denied. CT Page 13132
Kocay, J.